**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1671

BENJAMIN S. GOLDBERG,

Plaintiff - Appellant,

v.

GOVERNOR RALPH SHEARER NORTHAM; KEITH C. BERNSTEIN,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:22-cv-00253-AWA-RJK)

Submitted:  June 25, 2024                                Decided:  July 12, 2024

Before KING and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Daniel A. Harvill, DANIEL A. HARVILL, PLLC, Manassas, Virginia, for Appellant.   Jason S. Miyares, Attorney General, Steven G. Popps, Deputy Attorney General, Christopher P. Bernhardt, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee Northam; Mark D. Stiles, City Attorney, Christopher S. Boynton, Deputy City Attorney, Joseph M. Kurt, Associate City Attorney, OFFICE OF THE VIRGINIA BEACH CITY ATTORNEY, Virginia Beach, Virginia, for Appellee Bernstein.

Unpublished opinions are not binding precedent in this circuit.

USCA4 Appeal: 23-1671    Doc: 23    Filed: 07/12/2024    Pg: 2 of 5

PER CURIAM:

Benjamin S. Goldberg is a licensed firearms dealer who paid to be a vendor at a gun show held in March 2021 in Virginia Beach, Virginia. Due to the COVID-19 pandemic, former Virginia Governor Ralph Northam had issued executive orders requiring that face coverings be worn in certain public places. Goldberg declined to wear a mask at the gun show, and the gun show promoter told Goldberg he must put on a mask or leave the gun show. Goldberg declined to wear a mask and left the gun show.

Goldberg later filed a complaint pursuant to 42 U.S.C. §§ 1983, 1985,[*] alleging that former Governor Northam's executive order and the actions of Keith Bernstein, an employee of the City of Virginia Beach who allegedly told the gun show promoter that Goldberg must either wear a mask or leave the show, resulted in a seizure of his person in violation of the Fourth Amendment. The district court granted the Defendants' motions to dismiss the action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Goldberg appeals that judgment.

We "review de novo a district court's decision to grant a motion to dismiss" under Rule 12(b)(6) and, "[w]hen doing so, we accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Corder v. Antero Res. Corp.*, 57 F.4th 384, 401 (4th Cir. 2023) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim

---

[*] Goldberg also alleged a violation of the Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3900 to 2.2-3902 (2022), but subsequently conceded that his complaint failed to state a claim under that statute.

to relief that is plausible on its face." *Id.* (internal quotation marks omitted). To establish a seizure in violation of the Fourth Amendment, a plaintiff must allege that the defendant applied "physical force to the body of a person with intent to restrain," *Torres v. Madrid*, 592 U.S. 306, 309 (2021), made a "show of authority" that "in some way restrained the liberty" of a person, *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968), or otherwise made a "reasonable person" believe "that he was not free to leave," *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (footnote omitted). With these standards in mind, we have reviewed the parties' briefs and the record on appeal and find that the district court did not err in granting the Defendants' motions to dismiss.

Goldberg also contends that the district court erred by not affording him an opportunity to amend his complaint. But Goldberg failed to formally move to amend and "failed to provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009). Accordingly, "we conclude that the district court did not abuse its discretion in failing to give the plaintiff[ ] a blank authorization to 'do over' [his] complaint." *Id.*; *see Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) (finding no abuse of discretion in district court's decision "declining to grant a motion [to amend] that was never properly made" but raised only in opposition to a motion to dismiss and in objections to the magistrate judge's report).

Accordingly, we affirm the district court's judgment. *Goldberg v. Northam*, No. 2:22-cv-00253-AWA-RJK (E.D. Va. May 23, 2023). We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*